FILED
CLERK
3:23 pm, Aug 20, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
NORTH AMERICAN OLIVE OIL
ASSOCIATION,

    Plaintiff,

-against-

D'AVOLIO INC., O LIVE BROOKLYN LLC,
THE CRUSHED OLIVE OF BABYLON, INC.,
THE CRUSHED OLIVE OF HUNTINGTON,
INC., THE CRUSHED OLIVE OF SAYVILLE,
INC., THE CRUSHED OLIVE OF
STONYBROOK, INC., THE CRUSHED
OLIVE OF WADING RIVER, INC. and
VERONICA FOODS COMPANY,

    Defendants.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:16-cv-06986 (ADS)(ARL)

**APPEARANCES:**

**NORRIS MCLAUGHLIN & MARCUS, PA**
*Counsel for the Plaintiff*
875 Third Avenue, 8th Floor
New York, NY 10022
  By: Ami Bhatt, Esq.,
    Danielle M. Defilippis, Esq., Of Counsel

**LESTER SCHWAB KATZ & DWYER, LLP**
*Counsel for the Defendant D'Avolio Inc.*
100 Wall Street
New York, NY 10005
  By: Thomas A. Catalano, Esq.,
    Dennis M. Rothman, Esq., Of Counsel

**STERN & SCHURIN, LLP**
*Counsel for the Defendant O Live Brooklyn LLC*
595 Stewart Avenue, Suite 710
Garden City, NY 11530
  By: Richard S. Schurin, Esq.,
    Evgeny Krasnov, Esq.,
    Michael Barer, Esq.,
    Steven Stern, Esq., Of Counsel

**GOLDBERG SEGALLA LLP**
*Co-Counsel for the Defendants The Crushed Olive of Babylon, Inc., The Crushed Olive of Huntington, Inc., The Crushed Olive of Sayville, Inc., The Crushed Olive of Stonybrook, Inc., and The Crushed Olive of Wading River, Inc.*
665 Main Street, Suite 400
Buffalo, NY 14216
    By:    Daniel B. Moar, Esq.,
             Aaron J. Aisen, Esq.,
             Daniel W. Gerber, Esq., Of Counsel

**AHMUTY DEMERS & MCMANUS**
*Co-Counsel for the Defendant The Crushed Olive of Babylon, Inc.*
200 I.U. Willets Road
Albertson, NY 11507
    By:    Janice Berkowitz, Esq., Of Counsel

**GUTRIDE SAFIER LLP**
*Counsel for the Veronica Foods Company*
100 Pine Street, Suite 1250
San Francisco, CA 94111
    By:    Adam J. Gutride, Esq.,
             Seth Safier, Esq., Of Counsel

**SPATT, District Judge**:

This is an action commenced by the North American Olive Oil Association ("NAOOA" or the "Plaintiff") against D'Avolio, Inc. ("D'Avolio"), O Live Brooklyn LLC ("O Live Brooklyn"), the Crushed Olive of Babylon, Inc., the Crushed Olive of Huntington, Inc., the Crushed Olive of Sayville, Inc., the Crushed Olive of Stonybrook, Inc., the Crushed Olive of Wading River, Inc., (together, the "Crushed Olive") and Veronica Foods Company ("Veronica") (collectively the "Defendants").

On November 2, 2017, the Court issued a Memorandum of Decision and Order (the "Order"), No. 2:16-cv-06986 (ADS)(ARL), 2017 WL 5054714 (E.D.N.Y. Nov. 2, 2017), granting two motions to dismiss pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule")

12(b)(1). One motion was filed by O Live Brooklyn and Veronica Foods and another by Crushed Olive. The background of this case is set forth in the Order and familiarity with that decision is assumed.

Currently before the Court is a motion for reconsideration pursuant to Local Civil Rule 6.3 and Rule 60(b), asking the Court to reconsider the Order and reinstate the complaint.

For the following reasons, the Plaintiff's motion for reconsideration is granted in part and denied in part.

## I. DISCUSSION

### A. THE RELEVANT LEGAL STANDARD

Local Civil Rule 6.3 provides that:

> Unless otherwise provided by the Court or by statute or rule (such as FED. R. CIV. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked. The time periods for the service of answering and reply memoranda, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion. No oral argument shall be heard unless the Court directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the Court.

*Id*. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The decision to grant or deny a motion for reconsideration is "committed to the sound discretion of the district court." *Wilder v. News Corp.*, No. 11 Civ. 4947 (PGG), 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21, 2016) (quoting *Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 265

3

(S.D.N.Y. 2012)); *see also Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999) (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983); *Transaero v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998)); *Shrader*, 70 F.3d at 257 (using an abuse of discretion standard to judge a district court's decision on a motion for reconsideration).

"[A] party may not advance new facts, issues or arguments not previously presented to the Court on a motion for reconsideration." *Steinberg v. Elkman*, No. 15-CV-278, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) (internal quotation marks omitted) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001)). Nevertheless, reconsideration may be granted because of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Luv n' Care Ltd. v. Goldberg Cohen, LLP*, No. 15 Civ. 9248 (NRB), 2016 WL 6820745, at *1 (S.D.N.Y. Nov. 10, 2016) (internal quotation marks omitted) (quoting *Hollander v. Members of the Bd. of Regents*, 524 F. App'x 727, 729 (2d Cir. 2013) (summary order)).

**B. APPLICATION TO THE FACTS**

Prior to reaching the merits of this motion, the Court must resolve whether it has jurisdiction to rule on this motion. "A federal district court and a federal court of appeals should not assert jurisdiction over a case simultaneously." *Rich v. Assoc. Brands, Inc.*, No. 08-CV-666S, 2009 WL 236055, at *1 (W.D.N.Y. Jan. 30, 2009) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982)). On November 16, 2017, the Plaintiff filed the instant motion for reconsideration, and on November 29, 2017, filed a notice of appeal with the Second Circuit Court of Appeals. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58.

4

In the instant action, the Plaintiff is requesting this Court to reconsider the same issue that it has appealed to the Second Circuit. However, since the notice of appeal was filed after the motion for reconsideration, this Court retains jurisdiction over the motion for reconsideration. *See Basciano v. Lindsay*, No. 07–CV–421, 2008 WL 1700442, at *1 (E.D.N.Y. April 9, 2008).

In the Order, the Court found that the Plaintiff lacked standing to pursue this action because its members did not have standing to sue in their own right as they had not suffered an injury-in-fact. Further, the Court determined that the Plaintiff was unable to pursue its damages claims on behalf of its members.

The Plaintiff argues that the Court overlooked facts in the complaint that plausibly allege that the NAOOA has standing to sue on its own behalf. In general, an association may have standing to sue on its own behalf or on behalf of its members. *Hunt v. Washington Apple Advert. Comm'n*, 432 U.S. 333, 342, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977). It is a plaintiff's burden to "allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *Warth v. Seldin*, 422 U.S. 490, 518, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975).

In the instant case, NAOOA, a trade association of olive oil marketers, packagers, producers, and importers, claims that it may sue on its own behalf because it has spent considerable financial resources to combat misrepresentations from the Defendants' alleged false advertising and disparaging statements. In the Court's view, these allegations are sufficient to establish an association's individual standing. *See Albany Welfare Rights Org. v. Wyman*, 493 F.2d 1319, 1322 (2d Cir. 1974), *abrogated on other grounds by Make the Road by Walking, Inc. v. Turner*, 378 F.3d 133 (2d Cir. 2004). In the Order, the Court failed to evaluate NAOOA's claims of individual standing and therefore, overlooked the facts alleged in the complaint as well as the supporting documentation submitted in conjunction with the parties' motion papers on the subject of

5

NAOOA's individual standing. After reconsideration, the Court concludes that NAOOA does have individual standing to sue on its own behalf.

However, as to the Plaintiff's contention that NAOOA has associational standing because it's members have standing to sue in their own right, its motion merely "regurgitate[s] the arguments that this Court previously rejected. This is not a proper basis for a motion for reconsideration, and, in any event, [NAOOA's] arguments have gained nothing in persuasiveness in the interim." *Charter Oak Fire Ins. Co. ex rel. Milton Fabrics v. Nat'l Wholesale Liquidators*, No. 99 CIV. 5756 (JSR), 2003 WL 22455321, at *1 (S.D.N.Y. Oct. 29, 2003), *aff'd sub nom. Charter Oak Fire Ins. Co. v. Nat'l Wholesale Liquidators of Lodi, Inc.*, 101 F. App'x 860 (2d Cir. 2004); *see also Am. Nat. Fire Ins. Co. v. Mirasco, Inc.*, 265 F. Supp. 2d 240, 244 (S.D.N.Y. 2003) (denying motions for reconsideration because "[b]ecause both parties are inappropriately seeking another 'bite at the apple' in their motions for reconsideration by presenting the same facts and arguments as were already considered"), *decision supplemented*, *reconsideration denied*, No. 00 Civ. 5098 (RWS), 2003 WL 22271226 (S.D.N.Y. Sept. 30, 2003). NAOOA has presented no controlling precedent nor overlooked factual matters that cause this Court to reconsider its Order regarding NAOOA's standing to pursue claims on behalf of its members.

In this regard, the Plaintiff failed to satisfy the first prong of the *Hunt* test. The Plaintiff, who "bears the burden of establishing standing," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992), failed to allege that its members have suffered an "injury in fact" that is concrete and particularized, and actual or imminent, rather than conjectural or hypothetical. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.*, 528 U.S. 167, 181-83, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000). There are no injuries alleged in the complaint that are specific to any of the Plaintiff's members.

As stated in the Order, while the Plaintiff alleges *possible* concrete and particularized injuries, "none of these injuries are ever, at any point, alleged to have been incurred by a specific member of [NAOOA]. Nothing short of generalized injury or potential injury to its members as a result of defendants' allegedly improper [activities] is alleged in the complaint. Neither in the entire complaint in general, nor perhaps more importantly, in the paragraphs containing the substantive allegations … is the name of any of [NAOOA]'s members mentioned. … In short, the individual standing analysis, with respect to the members of [NAOOA] cannot be performed." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany, N.Y.*, 250 F. Supp. 2d 48, 56 (N.D.N.Y. 2003); *accord Corrs. Officers' Benevolent Assoc. v. City of N.Y.*, 192 F. Supp. 3d 369, 376 (S.D.N.Y. 2016) (finding that "an organization must 'identify a single member' who would have standing to sue" (quoting *Small v. Gen. Nutrition Cos.*, 388 F. Supp. 2d 83, 97-98 (E.D.N.Y. 2005))); *Med. Soc'y of New York v. UnitedHealth Grp., Inc.*, No. 16-CV-5265 (JPO), 2017 WL 4023350, at *7 (S.D.N.Y. Sept. 11, 2017) ("As to the first prong, [the defendant] accurately notes that to support associational standing, some individual association member must hold a validly assigned claim such that the member could sue in its own right."). The Plaintiff's arguments regarding the first prong of the *Hunt* test merely restate and attempt to relitigate the same argument that the Court already disposed of in the Order.

Finally, the Plaintiff appears to misconstrue the Court's Order with regard to the third prong of the *Hunt* test. The Court held that NAOOA lacks standing to seek *damages* on behalf of its members. While the Court's ruling pertaining to the first prong of the *Hunt* test was dispositive regarding the Plaintiff's associational standing, the Court thought it would be helpful to the parties to comment on their argument regarding damages claims. This portion of the Order only involved NAOOA's damages claims on behalf of its members, not its request for injunctive or declaratory

relief. The parties have failed to present an appropriate reason for the Court to reconsider its decision that the Plaintiff is precluded from seeking damages on behalf of its members.

Accordingly, NAOOA's motion for reconsideration, as it pertains to associational standing is denied.

## II. CONCLUSION

For the reasons stated above, the Plaintiff's motion for reconsideration is granted in part and denied in part. The Plaintiff is permitted to proceed with its claims on its own behalf but does not have standing to pursue claims on behalf of its members.

If they so desire, the Defendants are granted leave to refile their motions to dismiss pursuant to FED. R. CIV. P. 12(b)(6) within thirty (30) days of the issuance of the Second Circuit's mandate.

The Clerk of the Court is directed to reopen this case.

It is **SO ORDERED**:

Dated: Central Islip, New York

August 20, 2018

_/s/ Arthur D. Spatt_

ARTHUR D. SPATT

United States District Judge